UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-CV-81696-ROSENBERG/REINHART

JPJ COMPANIES, LLC,

    Plaintiff,

v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO
STRIKE PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES**

This cause is before the Court on Defendant's Motion to Strike Plaintiff's Claim for Attorney's Fees. DE 7. Plaintiff brought this breach-of-contract action under an assignment of benefits to collect insurance proceeds after performing repair work on residential property allegedly insured by Defendant that sustained hurricane damage in September 2017. *See* DE 5-1. Plaintiff also seeks an award of attorney fees under Fla. Stat. § 627.428. *Id.* at 3.

In the Motion to Strike, Defendant contends that attorney fees are not collectable in this action under Fla. Stat. § 627.428, but are collectable only under Fla. Stat. § 627.7152(10), a statutory provision that went into effect on May 24, 2019. DE 7; *see* Fla. Stat. § 627.428(1) (providing for an award of "reasonable" fees upon the rendition of a judgment against an insurer); Fla. Stat. § 627.7152(10) (stating that, "[n]otwithstanding any other provision of law, in a suit related to an assignment agreement for post-loss claims arising under a residential or commercial property insurance policy, attorney fees . . . may be recovered by an assignee only

under . . . this subsection" and basing the amount of collectible attorney fees on the difference between the judgment obtained and the pre-suit settlement offer).

In response to the Motion to Strike, Plaintiff argues that the change to the Florida statute effective May 24, 2019, does not impact the ability to collect attorney fees in this action because the statutory change does not apply retroactively to insurance policies issued before the change. DE 10. Defendant has not filed a Reply addressing Plaintiff's argument.

Under Florida law, a substantive statutory change cannot be applied retroactively to insurance policies issued before the effective date of the change. *Menendez v. Progressive Express Ins. Co.*, 35 So. 3d 873, 875-80 (Fla. 2010) (stating that the relevant date is the date that the policy was issued, not the date that the suit was filed or the damage occurred, "because the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract" (quotation marks omitted)). When determining whether a statutory change applies retroactively, a court considers (1) whether the Florida Legislature intended the statute to apply retroactively, and (2) if such an intent is clearly expressed, whether retroactive application would violate any constitutional principles. *Id.* at 877; *see also Metro. Dade Cty. v. Chase Fed. Hous. Corp.*, 737 So. 2d 494, 499 (Fla. 1999) ("If the legislation clearly expresses an intent that it apply retroactively, then the second inquiry is whether retroactive application is constitutionally permissible.").

Even if the Legislature expressly provided for retroactive application, a court must reject such an application if the statute impairs a vested right, creates a new obligation, imposes a new penalty, or attaches new legal consequences to events completed before the statutory enactment. *Menendez*, 35 So. 3d at 877. "[R]etroactive abolition of substantive vested rights is prohibited

by constitutional due process considerations." *Metro. Dade Cty.*, 737 So. 2d at 503. Multiple Florida courts have held that statutes limiting the right to recover attorney fees impair a substantive right and do not apply retroactively. *See Menendez*, 35 So. 3d at 878-79 (collecting Florida caselaw and holding that a statutory amendment did not apply retroactively because it allowed "an insurer to avoid an award of attorneys' fees, which constitutes a substantive change to the statute in effect at the time the insureds' insurance policy was issued").

Here, the Court does not read Fla. Stat. § 627.7152 as reflecting an intent by the Florida Legislature for the change to § 627.7152(10) to apply retroactively, and Defendant has pointed to no other expression of an intent by the Legislature for the statutory change to apply retroactively. *See generally* Fla. Stat. § 627.7152. Even if the Legislature expressed such an intent, the statutory change—which limits the right to recover attorney fees, impairing a substantive right— nevertheless does not apply retroactively to the insurance policy at issue in this action, which was issued before the effective date of the change. *See Menendez*, 35 So. 3d at 875-80.

Defendant has not shown that Plaintiff's request for attorney fees in the Complaint is "redundant, immaterial, impertinent, or scandalous." *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Strike Plaintiff's Claim for Attorney's Fees [DE 7] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 17th day of January, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record