IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:19-cv-81696-RLR

JPJ COMPANIES, LLC (A/A/O
CHARLES FICKER & PATRICIA
FICKER),

    Plaintiff,

vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

    Defendant.
_____/

### DEFENDANT, HARTFORD INSURANCE COMPANY OF THE MIDWEST'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF ORDER DENYING THE DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES AND COSTS

Defendant, HARTFORD INSURANCE COMPANY OF THE MIDWEST ("HARTFORD"), by and through the undersigned counsel and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, hereby requests that this Court reconsider and/or clarify its Order dated January 17, 2020 denying Defendant's Motion to Strike Plaintiff's Claim for Attorney's Fees and Costs [DE 7] . In support, HARTFORD states the following:

### BACKGROUND FACTS

1. This matter arises out of an alleged first-party property homeowner's insurance loss to the insured property located at 45 Golfview Drive, Tequesta, FL 33469 ("subject property") purportedly due to alleged damage occurring on September 10, 2017. *See* Plaintiff's Complaint [DE 5-1].

2. The homeowners' assigned their rights to benefits under their insurance policy to JPJ Companies, LLC on April 7, 2019. See Plaintiff's Complaint [DE 5-1].

3. JPJ Companies, LLC served HARTFORD with the lawsuit on November 19, 2019, to recover benefits under the homeowners' policy. See Plaintiff's Notice of Service of Process [DE 5-2].

4. On December 26, 2019, HARTFORD filed an Amended Petition to remove this matter to Federal Court due to the diversity jurisdiction of the parties and the amount in controversy exceeding $75,000.00. [DE 5].

5. On December 26, 2019, HARTFORD filed its Motion to Strike Plaintiff's Claim for Attorney's Fees and Costs and Memorandum of Law. [DE 4].

6. On January 9, 2020, Plaintiff filed Memorandum of Law in Opposition to Defendant's Motion to Strike Plaintiff's Claim for Attorney's Fees. [DE 10]

7. On January 17, 2020, this Court entered an Order denying HARTFORD's Motion to Strike Plaintiff's Claim for Attorney's Fees. [DE 13].

8. The Order stated in part:

> "Here, the Court does not read Fla. Stat. § 627.7152 as reflecting an intent by the Florida Legislature for the change to § 627.7152(10) to apply retroactively, and Defendant has pointed to no other expression of an intent by the Legislature for the statutory change to apply retroactively. See generally Fla. Stat. § 627.7152. Even if the Legislature expressed such an intent, the statutory change —which limits the right to recover attorney fees, impairing a substantive right — nevertheless does not apply retroactively to the insurance policy at issue in this action, which was issued before the effective date of the change. See Menendez, 35 So. 3d at 875-80."

## ARGUMENT

**A.   MOTION FOR RECONSIDERATION STANDARD**

HARTFORD brings this Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59, which provides relief from a trial, nonjury trial, and to alter or amend

2

a judgment. Fed. R. Civ. P. 59. "[I]t is widely recognized that Rule 59(e) encompasses motions for reconsideration." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 2008 U.S. Dist. LEXIS 39630 *2 (M.D. Fla. May 15, 2008). "While Rule 59(e) does not set forth any specific criteria, the courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.,* 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004). HARTFORD files this Court for Reconsideration to correct clear error and prevent manifest injustice.

**B.     HARTFORD Seeks Reconsideration and/or Clarification of the Court's Order Denying the Defendant's Motion to Strike Plaintiff's Attorney's Fees Claim, ruling that section 627.7152 does not apply retroactively.**

Here, the Court committed clear error in ruling that section 627.7152 did not apply retroactively to preclude the Plaintiff from recovering attorney's fees in this assignment of benefits claim. In the Order, the Court determined that, "even if the Legislature expressed such an intent, the statutory change — which limits the right to recover attorney fees, impairing a substantive right — nevertheless does not apply retroactively to the insurance policy at issue in this action, which was issued before the effective date of the change." [DE 13 at pg. 3]. The Court relied on *Menendez v. Progressive Express Ins. Co.*, 35 So. 3d 873, 875-80 (Fla. 2010), in ruling that, "multiple Florida courts have held that statutes limiting the right to recover attorney fees impair a substantive right and do not apply retroactively." See *Menendez*, 35 So. 3d at 878-79.

*Menendez* is distinguishable from the instant matter. *Menendez* dealt with pre-suit notice provisions instituted after the Legislature amended Florida's Personal Injury Protection Law. The dispositive issue before the Court was whether section

3

627.736(11), Florida Statutes (2001), can be applied retroactively to an insurance policy issued <u>before</u> the enactment of the statute. *Id.* at 876 (emphasis added). The Florida Supreme Court took into consideration the date that the insurance policy was issued in holding that the notice provisions are substantive in nature and therefore can only be applied prospectively. *Id.* at 878.

Unlike *Menendez*, the statutory scheme at issue here does not involve an insured's rights under its insurance policy.  Rather, it deals with the rights afforded to a third-party that obtains an assignment of benefits from an insured post-loss, including that third-party's ability to recover attorney's fees. Such rights are not vested until an assignment of benefits is actually executed, which could be weeks, months or even years after the loss occurred.

In that regard, Section 627.7152 takes into consideration the date the assignment was executed and lays out requirements prior to filing a lawsuit or pursuing litigation. Specifically, Section 627.7152 (13) states, "[t]his section applies to an assignment agreement executed on or after July 1, 2019." *See* §627.7152(13), Fla. Stat. (2019). This language establishes the legislative intent that the application of the statute is predicated upon the date an insured executes an assignment of benefits, not upon when the insurance policy was issued.

Therefore, HARTFORD requests the Court reconsider/clarify its determination that the statute does not apply retroactively to the insurance policy at issue in this action because it was issued before the effective date of the statutory change.  It is clear from the language of the statute that if a lawsuit was filed after May 24, 2019 when the statute became effective, Section 627.7152 would apply.  The date the policy was issued is irrelevant.  After all, a third-party cannot have a substantive right in a policy

4

that was issued before an assignment of benefits was even executed. Accordingly, the statute at issue does not impair an insured's substantive right under an insurance policy.

The Court's ruling is clear error that will have an overreaching impact on the claims in assignment of benefit litigation. Based on this Court's ruling, a company could execute an assignment of benefits with an insured in the present and/or future, after the enactment of section 627.7152, but be able to file suit and seek fees based on an insurance policy that existed prior to the enactment of section 627.7152. For example, an insured could sign an assignment of benefits today based on Hurricane Irma with a date of loss of September 10, 2017 and file suit to collect attorney's fees under section 627.428 because the claim falls under a policy that predated the statutory change. This is against the language of the statute and intent of the Legislature to enact legislation aimed at controlling litigation in Florida courts. The Court's error needs to be corrected in order to prevent a manifest injustice.

WHEREFORE, for the reasons set forth herein, HARTFORD INSURANCE COMPANY OF THE MIDWEST, respectfully requests this Honorable Court grant this Motion for Reconsideration and/or Clarification and vacate its Order denying HARTFORD's Motion to Strike Plaintiff's Claim for Attorney's Fees and Costs, and instead grant HARTFORD's Motion to Strike Plaintiff's Claim for Attorney's Fees and Costs, or any other relief it deems just and proper given the circumstances.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

/s/ Michael A. Packer

        Michael A. Packer
        Florida Bar No.: 121479
        Primary:  mapacker@mdwcg.com
        100 NE 3rd Avenue, Suite 1100
        Fort Lauderdale, FL 33301
        Phone: (954) 847-4920
        Secondary:  mspenela@mdwcg.com
        pleadingsftl@mdwcg.com

        Attorneys for:  *HARTFORD INSURANCE COMPANY OF THE MIDWEST*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing was filed and served with the Court through CM/ECF this 14th day of February, 2020, to **Paris Webb, Esquire**, Arnesen Webb, P.A., 197 South Federal Highway, Ste. 300, Boca Raton, FL 33432, paris@insurancelawyers.org and eservice@insurancelawyers.org.

        s/ Michael A. Packer
        Michael A. Packer