**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.  9:19-CV-81696-ROSENBERG/REINHART**


JPJ COMPANIES, LLC,

      Plaintiff,

v.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

This cause is before the Court on Defendant's Motion for Reconsideration and/or Clarification of Order Denying Defendant's Motion to Strike Plaintiff's Claim for Attorney's Fees.  DE 16.  Defendant asks the Court to vacate its Order at DE 13 and to grant Defendant's Motion to Strike Plaintiff's Claim for Attorney's Fees at DE 7.

As background, Plaintiff brought this breach-of-contract action under an assignment of benefits to collect insurance proceeds after performing repair work on residential property allegedly insured by Defendant.  Plaintiff also seeks an award of attorney fees under Fla. Stat. § 627.428.  *See* DE 5-1.  Defendant contended in its Motion to Strike that the Florida Legislature recently had passed a statutory provision, Fla. Stat. § 627.7152(10), that governs the right to recover attorney fees in lawsuits related to assignment agreements and that § 627.7152(10) went into effect on May 24, 2019.  Defendant argued that § 627.7152(10), not § 627.428, governs the recovery of attorney fees in this action because the action was filed on October 11, 2019, after § 627.7152(10) went into effect.  *See* DE 7.

Plaintiff argued in response to the Motion to Strike that § 627.7152(10) does not govern the recovery of attorney fees in this action because § 627.7152(10) cannot apply retroactively to insurance policies issued before it went into effect. *See* DE 10. Defendant did not file a Reply to address Plaintiff's retroactivity argument. The Court subsequently denied Defendant's Motion to Strike. *See* DE 13.

Defendant now uses its Motion for Reconsideration as its opportunity to address Plaintiff's retroactivity argument. The Court notes that motions for reconsideration should not be used to bring new arguments that could have been brought initially. *See Second Gulfstream Garden Condo., Inc. v. QBE Ins. Corp.*, No. 06-61896-CIV, 2009 WL 10669115, *1 (S.D. Fla. Oct. 9, 2009).

Defendant takes issue with one sentence in the Order denying the Motion to Strike—a sentence in which the Court stated that § 627.7152(10) "does not apply retroactively to the insurance policy at issue in this action, which was issued before the" date that § 627.7152(10) went into effect. DE 13 at 3; *see* DE 16 at 3. Defendant argues that the date that the insurance policy was issued is irrelevant in this action involving an assignment of benefits. Defendant maintains that the Court instead should have looked to the date that the assignment was executed, as that is the date that rights under the assignment vested. DE 16 at 4-5 (maintaining that the application of § 627.7152(10) "is predicated upon the date an insured executes an assignment of benefits, not upon when the insurance policy was issued," because "a third-party cannot have a substantive right in a policy that was issued before an assignment of benefits was even executed"); DE 23 at 3; *see Metro. Dade Cty. v. Chase Fed. Hous. Corp.*, 737 So. 2d 494, 503 (Fla. 1999) (stating that the "retroactive abolition of substantive vested rights is prohibited by

2

constitutional due process considerations"); *see also Menendez v. Progressive Express Ins. Co.*, 35 So. 3d 873, 877-78 (Fla. 2010) (explaining that a statute may not be applied retroactively if it impairs a vested substantive right and that a statutory right to attorney fees is such a substantive right).

Plaintiff disputes that the date at issue is the date that the assignment was executed. *See* DE 18. The Court need not resolve this dispute because Defendant's assertion, even if correct, does not change the result in this case. The assignment of benefits at issue here was executed on April 7, 2019, and Defendant has conceded that § 627.7152(10) went into effect on May 24, 2019. DE 5-1 at 4; DE 7 at 3. Thus, even accepting Defendant's argument, § 627.7152(10) does not apply in this action. Defendant's Motion to Strike was properly denied.[1]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration and/or Clarification of Order Denying Defendant's Motion to Strike Plaintiff's Claim for Attorney's Fees [DE 16] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 3rd day of March, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[1] Defendant also asserts in its Motion for Reconsideration that, "It is clear from the language of the statute that if a lawsuit was filed after May 24, 2019 when the statute became effective, Section 627.7152 would apply." DE 16 at 4; DE 23 at 3. This statement contradicts the remainder of Defendant's argument, in which Defendant maintains that the relevant date is the date that the assignment of benefits was executed (as opposed to either the date that the insurance policy was issued or the date that the lawsuit was filed). *See* DE 16 at 4-5. Defendant cites to no language, much less any "clear" language, from the statute to indicate that § 627.7152(10) applies in any lawsuit filed after § 627.7152(10) went into effect. Even if the Florida Legislature had expressed such an intention, for the reasons discussed in the Court's prior Order, § 627.7152(10) cannot be applied to impair a statutory right to attorney fees that vested before § 627.7152(10) went into effect. *See* DE 13 at 2-3.